Mr. Fong, good morning. Good morning. Kevin Fong, representing Appellant Jet Midwest International Limited. I'd like to reserve three minutes for rebuttal. May it please the court. Let me begin with the issue of subject matter jurisdiction. Appellant is a Hong Kong limited company. For purposes of diversity jurisdiction, Hong Kong limited companies are treated as corporations. The law on this point is reviewed in the Chan-Chan case cited in our reply brief. Also, the Seventh Circuit has addressed the issue and held that Hong Kong limited companies, or a Hong Kong limited company limited by shares in particular, is the equivalent to a U.S. corporation. That's the holding of the Superl case cited in our reply brief. And here, Appellant is the exact same. It's a limited company that is limited by shares. The governing provision on limited by shares is section seven of the Hong Kong companies ordinance. And also in the record, the KPMG's auditors report Appellant confirms that Appellant is incorporated with authorized share capital. So it in fact is a corporation. Why shouldn't we approach this more formalistically in the sense that with respect to other similar types of business organizations in the United States like limited liability companies, the Supreme Court doesn't treat them the same way. And so we don't technically have a corporation here. We have what's called a limited by shares company. And so why shouldn't we treat it like an LLC as not a corporation, I guess? Because it is incorporated. There's an entire subsection of the Hong Kong companies ordinance which refers to incorporation of companies that's beginning at section 71 of the Hong Kong companies ordinance. Imagine if you take the position advocated by Appellate that something has to be called a corporation before it's actually a corporation for diversity purposes. That means if you're a corporation in a Spanish-speaking country, you're out of luck. French-speaking country, you'd be out of luck. Dutch-speaking country, you'd be out of luck. Chinese-speaking country, you'd be out of luck. And if you were from an English-speaking country that is a current or former member of the Commonwealth, you'd also be out of luck because in the Commonwealth tradition, a corporation is incorporated, but it's called a limited company. But you're just asking us to give a formalistic meaning to the word being incorporated.  So the statutes use the word, you're asking us to use to refer to that statute that allows for incorporation as evidence that this is a corporation. It's the same argument, isn't it? It's not just incorporation. Here you have incorporation. It's a juridical person if you adopt the Ninth Circuit Test or Fifth Circuit Test, and it has all the attributes of a corporation if you adopt the Seventh Circuit Test as in the Superl case. So under any test, a Hong Kong limited company, especially one that's limited by shares, is a corporation. Otherwise, you'd be reading 1332C of Title 28 right out of the books. But wouldn't the term juridical entity would encompass things, I think you would admit, more than corporations, isn't that right? Groups that were not corporations could be juridical entities. Under the Ninth Circuit view or the Fifth Circuit view, it could be conceivable that you're sweeping in a little bit too broadly. That's why the Seventh Circuit has adopted a view that you have to roll up your sleeves and look at the laws of the actual country of incorporation. And if you do that, and if you apply the test that the Seventh Circuit has, you would reach the Seventh Circuit conclusion that a Hong Kong limited company, especially one limited by shares, is a corporation. So the Seventh Circuit has addressed exactly this point. It's a question of first impression in this circuit, but the Seventh Circuit has addressed this very question and said a Hong Kong limited company is just like a Bermuda limited company. It has all the attributes of a corporation. It's incorporated. Which approach do you think we should take? The Seventh Circuit or the Ninth and Fifth? I think if you want to be cautious and address the concerns mentioned by Judge Arnold's question, then the Seventh Circuit case probably is a little bit safer. And also, the Seventh Circuit test is consistent. It's at least consistent with the Supreme Court's latest word on foreign corporations. In the case of Traffic Stream, it's J.P. Morgan versus Traffic Stream, there was an entity, Traffic Stream Limited. I'm shortening it a little bit, but it started with Traffic Stream and it ended with Limited. And it was organized. It was organized under the laws of the British Virgin Islands. And the Supreme Court in that case certainly assumed that a limited company organized under the laws of the British Virgin Islands could be, and in fact, should be deemed a corporation. Well, let me ask you this. Suppose that we disagree with you and then we go, we treat it like a limited liability company or something else. Because this came up so late, we don't have a lot of, we have no factual findings at all by the district court. In response to a lack of subject matter jurisdiction motion. And one of the things I was curious about is the status of Sinojet, I think it is, and what its citizenship is. Because if it's a limited liability company, we look through and look at the shareholders. And am I right that there's only one shareholder? Which is- A Cayman Island entity that's the shareholder and Cayman Island, that Cayman Island entity is coincidentally something that is deemed by the United States to be a corporation. So we went either way. Based on the undisputed facts in the current record without going back to the district court, that's another way of avoiding the question is just saying that even assuming arguendo, you look behind the veil to trace the ownership of the shares of a palant. Then it goes to the Cayman Islands, which has been recognized by the US to be a corporate entity. Does the record reflect the citizenship of Jet Midwest Group? We have the allegation by Jet Midwest, but that it's members are US citizens. So you would have a 1332 diversity citizenship between a foreign citizen and a citizen of the states. They allege the membership of their members, the citizenship of their members. Yes, yes, it's undisputed that JMG, as we call it, is composed of US citizens. Not a doubt about that. So this is a bit circuitous, but it is within the crosshairs of 1332 foreign citizenship jurisdiction. So the fact that a corporation can be a citizen of a foreign state isn't something novel. It's not court invented. It's right there in 1332, where Congress has provided that a corporation is deemed to be a citizen of the foreign state in which it has been incorporated. So clearly there has to be some meat to the bone. There has to be something that's a foreign corporation. And not a doubt where you have a Hong Kong limited company that's incorporated, that meets the juridical person test, that meets the Seventh Circuit test of looking at the attributes of a corporation. Do you wanna address the attorney fee question then? Oh, just briefly. It is addressed in our briefs. The key argument on the attorney's fee question is the point made on page 25 of our reply brief that under Apolli's view, essentially nothing would be covered by the second sentence of the provision of the contract entitled expenses. Because if you think about it, their view is that everything in the including clause is excluded from the second sentence because it's included in the first sentence. And that means not just reasonable fees, but also out-of-pocket expenses of counsel. So in an enforcement proceeding, which is what's covered in the second sentence, if you exclude attorney's fees and you exclude out-of-pocket expenses, what's left? Barely nothing. And that position would be contrary to the intent of the parties in the contract. You have to apply the ordinary common sense meaning of the words. And because Hong Kong law governs this contract, the common sense meaning of the words in section 2.2 are that reasonable attorney's fees and expenses are included as cost and expenses. All costs and expenses not excluded. Of course, the district court read it to say when in the first sentence, when it wanted to be included, it was included. The second sentence left that out. Why is that a bad reading? It's plausible, but it would produce just bizarre results where in an enforcement proceeding where the contract says there's an entitlement to all costs and expenses, you'd be reduced according to Apley's position to filing fees and miscellaneous. That's not what is meant by someone reading the contract through the lens of Hong Kong law. When they see the words all costs and expenses, they think, ah, attorney's fees. That's the backdrop that has to be taken into consideration in reading section 2.2 of the contract. That explained the inclusion in the first part of the contract of attorney's fees then, is that what you're saying? The inclusion is- Because otherwise, transactions costs, which is essentially what this first sentence deals with, would not include attorney's fees. Is that your position? You needed the including clause in the first sentence because the English rule doesn't apply to transactions. It only applies to controversies. Yes, that's right. So it's litigation costs. Correct. The second sentence is essentially the provision which governs litigation costs in enforcement. Could- There's another reason. I'm sorry, go ahead. No, you go ahead. No, please. I was just gonna ask, your argument I think falls short in one respect. You're right about the expenses of counsel, but that it would create sort of absurd results. But at the same time, there could be costs from the company in enforcing the loan that are pre-litigation costs that presumably would be recoverable under that second sentence, even if the district court is right about the reading of the agreement. But my recollection is that the clause refers to enforcement proceedings. So it's not- Fair enough. Free litigation or extra litigation activities. It's connected tightly to the litigation. Thank you, your honors. I could see a distinction, somebody wanting to draw a distinction between transactions costs having to do with execution, preparation, that sort of thing on the one hand, and litigation costs on the other, which can tend to be rather large and unpredictable. Whereas transactions costs are, for the most part, predictable and not necessarily huge. And that's one of the underlying rationales of the English rule to shift the litigation costs, which could be large. That's the system that everybody grows up with in Hong Kong. So if Hong Kong long applies, that's almost a given. It's almost part of- Loser pays. Yes, that's it. Well, what about the argument that even so, that their intention in the second clause was to contract out of the Hong Kong rule? By not- Oh, you can't theoretically contract out of the Hong Kong rule, but it has to be express. Certainly, it's so exceptional that you'd expect express language if there was a contracting out of the English rule under a Hong Kong contract. Yeah, you would think it would be hard to contract out of the rule, but just by using this language, because that is the rule of Hong Kong, essentially. And if there were to be an exception- You could do it. It would be- There's no rule against contracting out, right? Correct. But it would be- But you gotta say so. Right, you gotta say so, and it wasn't done here. So why didn't this say so? Because it didn't expressly mention the Hong Kong rule or just use this language that under the Hong Kong rule would incorporate attorney's fees. We just have to say, accept or excluding attorney's fees. That's all they'd have to say. Thank you, Your Honor. Very well, thank you, Mr. Pond. May it please the court. The district court correctly and permissibly denied Jet Midwest International's motion for attorney's fees incurred enforcing the term loan agreement. First, the parties expressly excluded attorney's fees from the definition or the reference to costs and expenses. How did they expressly exclude it? By mentioning it specifically in one context in the very first sentence and- Well, specifically excluding it would have said you may recover costs, comma, not including attorney's fees, comma, right? That's one way to do it, but we think putting it in back-to-back sentences like this- You may, at best, implicit, right? It's not explicit. That's fair. They implicitly excluded it from it. And second, the party's choice of law clause in favor of Hong Kong law is a gap-filling mechanism intended to fill in the gaps where the parties don't provide otherwise in the contract. They don't mention the issue in the contract. And finally, to the extent that Hong Kong law has some residual gap-filling role to play here, it authorizes- It permissibly allows the court to award attorney's fees. It doesn't require it under Hong Kong ordinance. I want to ask you about just basic contractual interpretation here and sort of challenge you on what I think is your biggest weakness. I read- You're right. You argued that there's no definition of all costs and expenses, but I read that first sentence as essentially creating a definition. In other words, it says, these are all of the things that are included in all fees and expenses. And then the second sentence uses just the words all fees and expenses as shorthand for referring to the definition in the first sentence. Why isn't that reading correct? I don't think there's really an intent to show that. I think that it would be very easy for the parties to have done something like that. They use 52 definitions. They use capital letters where they wanted to define a term. They even included the word agreement as a definition. They knew how to create definitions that would have a global application. And they didn't do that here. I agree. And they mentioned that all costs and attorney's fees is a very capacious phrase. But you have to look at not the word all, but what all is referring to. Two weeks ago, the Supreme Court decided a case called Home Depot. And the question was what any defendant means. And the argument was made that any defendant in the removal statute includes counterclaim defendants. And the majority said, I know that's a broad word, any, but you have to actually look at what it's referring to. And here we have defendant. The defendant, a counterclaim defendant is not a defendant in the words of the court. And I think here too, where the parties have said implicitly, Your Honor, that attorney's fees are not going to be a part of costs and expenses, I think that has to be respected. The problem that I'm having with that is even if the parties didn't intend to do it, there's a basic contractual canon at play here. And that canon is when you have the same words or phrases used, you give it a consistent meaning, particularly in the same provision, but usually throughout the entire contract. And so even if the parties didn't intend to make it a definition section, doesn't that canon essentially say that we need to treat it as one so that we give it the same meaning in both parts? I think that narrows what we're looking at. It's not just the phrase costs and expenses. It's costs and expenses incurred in connection with the preparation of the loan documents. If you want to consider that to be a definition, that's the definition. It's that entire phrase you have to consider. So that's in the first sentence. It's in reference to the task that's being undertaken, preparation. It's not, it does not say, for example, any costs and fees, or costs and expenses, including reasonable attorney's fees, incurred in connection with the preparation of the loan documents. The including phrase comes after the full phrase that, the full phrase, costs and expenses incurred in connection with the task. In the second sentence, it's the same thing. Costs and expenses incurred in connection with enforcement of the loan agreement. And so I think that if you want to consider that to be a definition, it appears just once in the first line of 9.21. So I think they want to just look at costs and expenses and say that costs and expenses includes attorney's fees. But I think you have to look at the entire sentence. They made a, for the first time I heard an answer to my question of, well, what did the parties intend if it wasn't what I am suggesting here? And they offered that, they offered a distinction between transaction costs and litigation costs. Well, if that was the intent, they didn't follow through with that approach when they talked about indemnification. Indemnification in section 9.3 addresses costs and fees, and it specifically includes reasonable attorney's fees. And it is in reference to litigation. It specifically mentions litigation there. So if that was the intent, if they're trying to draw a distinction between litigation and transaction costs, and they thought, well, attorney's fees might not be included if we don't mention it in transaction costs, but it would naturally be included in litigation costs. Well, then why did they mention it in the indemnification provision? I think that's consistent with our view that when the parties wanted to include attorney's fees as an element of costs and expenses, they specifically mentioned it. So what costs and expenses would be included under your reading? Filing fees, deposition costs, expert fees, all manner of costs and expenses that would be included in a federal litigation or in a domestic litigation. There are lots of fees that a party outlays in a litigation apart from attorney's fees. And I think the fact that they're not just mentioning costs. Pretty de minimis though, aren't they? I don't think so, Your Honor. I think that costs is very limited. Expenses, not including attorney's fees, could include a lot of things. And I think the Supreme Court discussed a case where the question was whether expert fees are included in the definition of costs, and it said it wasn't, but it suggested that it might be included in expenses. And I think that's a natural reading, and expert's fees would be considered a cost. It's not an expense. It's not an attorney fee. It's not a cost under the way we typically understand costs under Section 1920. It's an expense. Is that true even if the attorney pays for it? Because it says out-of-pocket expenses of counsel. And I realize that we're not dealing with a contingency fee here, most likely. But what if the attorney pays for it? Then none of the costs you're talking about would be included. I think out-of-pocket expenses, when they reference that, and I believe that's in, just bear with me a minute. I think that's in reference to not fees that are hotel costs, lodging, mileage, airplane costs. I think those are what are best considered to be out-of-pocket costs and distinguished from attorney's fees. So I think the distinction that they make on page 25 of the brief I don't think is a very helpful one. I think that the best canon to apply here, in terms of talking about which canon of construction, is that when the parties want to reference something, they know how to do it, and they did that here, and that needs to be respected throughout the rest of the interpretation of the contract. I might say a quick word about jurisdiction, unless the panel has other questions about the merits. I think what we're asking the court to do is to recognize how the Supreme Court has treated unincorporated associations, and that is a very strict formalistic approach, where if it's called a corporation, then it's treated as a corporation. If it's not called that, then it's not appropriate to treat it as one. Congress adopted the Supreme Court's approach to corporations and treating them as separate persons, that had been enforced, I think, since the 1900s, and they adopted it only with respect to corporations. In 1958, they did that, and they haven't expanded that at all to reach other unincorporated associations, and they've been very strict about that, and I think it's appropriate to consider that rule, even though the court has applied it most directly with domestic entities, I think it's appropriate to carry that through when applying it to foreign corporations. Can you point to any cases holding that a limited company under Hong Kong law is not treated as a corporation? This would be the first case to hold that. There are other courts, but I think they're, respectfully to those courts, I don't think that they're faithfully following Supreme Court's strict teaching on this point, especially as made clear most recently  where a court is, regardless of the attributes that a company has that are similar to a corporation, the court has said it's not going to treat those as corporations. That is Congress's role, and Congress has had many opportunities to clarify this. In 2011, there were revisions to the federal jurisdictional statutes and venue statutes. They didn't make a change there. The Class Action Fairness Act, they had an opportunity to do it. They could make a change to how corporations would be treated. Should it really depend on the particular word that a foreign government uses to, does it have to call it a corporation if in fact it is, in every respect, the same as a U.S. corporation would? I think that's the formalistic approach the court has adopted. It's kind of form over substance, though, isn't it? I think in jurisdiction, in jurisdictional issues, it's very important to have formal, easy-to-apply, clear-cut rules so that parties aren't litigating around where a dispute is going to be heard. And the court's made that clear in the Hertz decision, and it's made that clear numerous times where we like easy, right-line, administrable rules that don't require a lot of guesswork by the parties so a party knows if they file in a specific court, they're gonna get to the merits and it's not gonna be raised. All right, well, let's say we agree with you on that, that it should be this formalistic approach. They respond that their sole shareholder is a non-U.S. corporation. So wouldn't you lose anyway? Sinojet is what they, to use their words, is an excluded company under the law of the Bahamas. And they raised that for the first time in their reply. I don't know how, I think the same analysis would apply to- They probably raised it the first time in reply because you raised jurisdiction the first time in your brief. That's fair. And that's just, jurisdiction is a weird animal. You can raise it whenever you want. And frankly- Well, then don't be critical of them responding at their last chance to respond, right? That's a fair point. I don't know what the specifics of Sinojet Limited Company is. It's an excluded company under Bahamas law. I imagine it's not called a corporation under even an English-speaking jurisdiction. So I think the same analysis would apply. So I think you'd have to go to that next level and find out who the members of Sinojet are. And the record doesn't state what that is, and they haven't offered that in their brief. If we go with you on the jurisdictional argument, just to reach where we go with it, we would have to remand to the district court to allow the district court to do some work there because we're engaging in it, because it was raised so late, we're engaging in a lot of guesswork. If you're sort of piercing each one of these, you're starting with JMI, and then you're going to the Sinojet, that's better work for a district court than us trying to sit up here, trying to figure out who the shareholders of these various entities are. In a normal situation, that's probably right. But here, we know if the court follows our formal approach that's been endorsed by the U.S. Supreme Court, well, it follows the approach that we think is most consistent with the Supreme Court's holdings. I think that unless they can say that Sinojet is a corporation under Bahamas law, for the same reasons that they're not a corporation under Hong Kong law, I think it's an easy task. I think they have- Well, that's not true, though, because Sinojet could have, let's say they have 10 shareholders, but they're all diverse. They're in the United States, and they're all diverse from, they're individuals, and they're all diverse from your client. Then- I don't think there'd be much fact-finding for the court to do. I think if it were remanded, I think the court would say, we remand this for, and frankly, the court could order the parties to do that on appeal. Jurisdictional allegations can be amended at any time, as we say in our brief, and they could do that. The court could order them to file a statement listing the members of Sinojet with the domiciles of the individuals and any corporations that might be owners of the company. They could identify the principal place of business in the state of incorporation, and the court could figure that out on its own and not have to remand it to the district court for that fact-finding mission. I don't think there's, I don't think we're gonna have a dispute about whether one of the individuals intends to remain in a certain state. I just don't think that's gonna be the case, and if they come back with supplemental allegations that suggest that, well, then there could be fact-finding by the court, but I don't think that's gonna be necessary. If the panel has no further questions, we'd ask that the court vacate the judgment remand and alternatively affirm the judgment below with respect to attorney's fees. Very well, thank you, Mr. St. Onge. Mr. Fong, we ate into some of your rebuttal time, so I'll give you two minutes for rebuttal. Thank you very much, Your Honor. I misspoke in my opening remarks. It's section 9.2. That's the provision addressing expenses with the two sentences that are at issue. 9.2 creates a substantive right, and it's governed by Hong Kong law because of the choice of law provision in the agreement, so very much consistent with this court's decisions in the Lowry case and the PBI case. Really, this court, as well as the parties, are looking through everything through the lens of Hong Kong law. Thank you, Your Honor. Very well. Counsel, the court appreciates your briefing and arguments. The case is submitted and will be decided in due course. Ms. Dam, we.